FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 14, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SOCORRO RAMOS,<br><br>Defendant. | No. 1:26-CR-02001-SAB-2<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF No. 38** |

On Wednesday, August 12, 2026, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 38). Defendant was represented by court-appointed attorney Nicholas Marchi. Assistant United States Attorney Courtney Pratten represented the United States.

Defendant requests the Court modify Special Condition No. 6, which imposes home detention, to impose a curfew instead. ECF No. 38. Defendant reasons that she works two jobs, and home detention is making it difficult for her to meet her employment obligations. *Id.* United States Probation/Pretrial Services has no objection to Defendant's request, but the United States objects.

The United States argued that Defendant did not provide any specific instances of home detention interfering with her employment, and even if she had, those difficulties should be addressed with United States Probation/Pretrial

Services. ECF No. 40. Additionally, the United States argued that GPS monitoring recently proved useful when Defendant curiously posted on social media that she was in Arizona, despite her GPS tracker confirming she remained in the Eastern District of Washington. *Id.*

In response to the United States' argument about the post on social media, defense counsel argued that the post could have been made by someone else on Defendant's account or phone.

Pretrial release conditions are governed by 18 U.S.C. § 3142(c). A defendant released on conditions shall be subject to the least restrictive condition or combination of conditions to "reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(c)(1)(B). To determine whether there are conditions that will reasonably assure the defendant's appearance and the safety of the community, courts consider four factors under § 3142(g): (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(1)–(4). Important here, courts "may at any time amend the order to impose additional or different conditions of release."

The Court previously determined that Special Condition No. 6, which imposes home detention, was necessary to reasonably assure Defendant's appearance as required and the safety of the community under § 3142. ECF No. 30. Defendant has not provided specific examples of hardship, and difficulty, without more, does not warrant a change in conditions. Additionally, the social media post is concerning. Defendant's argument that someone else may have made the post on Defendant's account requires that Defendant either: (1) allowed someone else to access her phone or social media account; or (2) left her phone or account in an area where someone else could make the post, while she was on home detention. In either case, the argument also assumes that Defendant decided not to correct or remove the post, or she failed to check her social media account since the post was made. And in either scenario—whether Defendant made the post or someone else did—the behavior is odd and concerning.

In conclusion, the Court finds that Defendant's requested modification of imposing a curfew instead of home detention is not sufficient to reasonably assure Defendant's appearance and the safety of the community under § 3142.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 38**) is **DENIED**.

\\

**IT IS SO ORDERED.**

DATED August 14, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE